**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| RAVY AE SARIT | § | |
|    *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:23-cv-00373 |
| | § | |
| HANNAH LAKE CLARK, | § | JURY DEMANDED |
| EAN HOLDINGS, LLC, AND | § | |
| OLSSON, INC. | § | |
|    *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RAVY AE SARIT, (hereinafter "Plaintiff"), complaining of and about HANNAH LAKE CLARK, EAN HOLDINGS, LLC, and OLSSON, INC. (collectively "Defendants"), and for cause of action would respectfully show this Court the following:

### I. PARTIES

1. Plaintiff RAVY AE SARIT is, and at all times relevant to this cause of action was, a citizen and resident of the state of Texas.

2. Defendant HANNAH LAKE CLARK (hereinafter referred to as "Defendant Clark") is, and all times relevant to this cause of action was, a citizen and resident of the state of Texas. This Defendant has been served and appeared.

3. Defendant EAN HOLDINGS, LLC (hereinafter referred to as "Defendant EAN") is a foreign for-profit company organized under the laws of the state of Delaware and doing business in the state of Texas. This Defendant has been served and appeared.

4. Defendant OLSSON, INC. (hereinafter referred to as "Defendant Olsson") is a foreign for-profit company organized under the laws of the state of Nebraska and doing business in the state of Texas. At all material times hereto, Defendant Olsson did business in the state of

Texas, maintaining an office in Plano, Texas, and derived substantial revenue from conducting business in the state of Texas, and may be served via its registered agent, Registered Agents, Inc., located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever they may be found.

## II.  JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants because they availed themselves of the privileges of conducting business and activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. Specifically, Defendant EAN markets to consumers in Texas and advertises in Texas, and is registered to conduct business in the state of Texas. Defendant Olsson is registered and conducts business in the state of Texas, and has physical offices in Texas, including Plano, Texas. Defendant Clark was operating a vehicle and conducting business in the state of Texas at all material times hereto. Therefore, Defendants have established minimum contacts sufficient to confer jurisdiction such that the assertion of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant EAN and Olsson also have, and continue to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over them. Additionally, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

6. Venue of this controver is proper in this district under 28 U.S.C. § 1446(a) because this district and division include the county in which the state action was pending, and under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred within this judicial district.

## III.  MONETARY RELIEF SOUGHT

7. Plaintiff seeks monetary relief over $1,000,000.00.

## IV. FACTS

8. On or about March 3, 2023, Plaintiff was traveling westbound on Highway 6 in Galveston County, Texas when Defendant Clark failed to yield the right of way, made an unsafe left turn towards Algoa-Friendswood Road, and caused a collision with the Plaintiff's vehicle (the "Incident"). As a result of the collision, Plaintiff suffered serious bodily injuries.

9. At the time of the Incident, Defendant Clark was operating a truck vehicle owned by Defendant EAN, and within the course and scope of her employment with Defendant Olsson.

10. Upon information and belief, Defendant Clark was inattentive, failed to observe Plaintiff's oncoming vehicle, failed to ensure it was safe prior to initiating her turn, and failed to appropriately apply her brakes, among other violations of the law. Defendant Clark violently and without warning steered her truck directly in front of Plaintiff's vehicle which caused a violent collision. The sheer force of the impact decimeated Plaintiff's vehicle and caused significant injuries and damages.

11. The police report faults Defendant Clark for making an improper left turn and failing to yield the right of way to Plaintiff.





*Post-Accident Photos of Plaintiff and Defendant's vehicles.*

## V.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST
## HANNAH LAKE CLARK, OLSSON, INC., AND EAN HOLDINGS, LLC

12. Defendants had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

13. Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

14. The negligent, careless and reckless disregard of duty of Defendants consisted of, but is not limited to, the following acts and omissions:

   A. failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. failing to yield as a person of prudent care would have done;

   C. failing to turn the Defendants' motor vehicle in an effort to avoid the collision complained of;

   D. failing to operate a motor vehicle as a person using ordinary prudent care would have done;

  E. failing to take proper evasive action to avoid an impending collision;

  F. failing to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendants' motor vehicle which would permit Defendants to bring her motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

  G. failing to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

  H. engaging in distracted driving and/or operating a cell phone while driving; and

  I. failing to cross traffic lines when Defendants could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle.

## VI. PLAINTIFF'S CLAIM OF VICARIOUS LIABILITY

15. Plaintiff pleads that at the time of the occurrence made the basis of this suit and all other times material herein, Defendant Clark was acting in her capacity as an agent, servant, representative, vice principal, president, corporate officer, manager, and/or employee of Defendant Olsson and Defendant EAN, and was acting within the course and scope of her authority as such at the time of the incident. Therefore, the doctrine of *respondeat superior* should be applied to Defendant Olsson and Defendant EAN, and they should be held vicariously responsible for the acts and omissions of their agent and/or employee and/or servant and/or corporate officer and/or manager and/or vice principal, Defendant Clark.

## VII. PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

16. Alternatively, and in addition, Defendant Olsson negligently hired, supervised, trained, and retained Defendant Clark, who negligently struck and injured Plaintiff. As an employer, Defendant Olsson owed a duty to Plaintiff and the general public to hire, supervise, train, and retain a competent and professional driver, including Defendant Clark, who was acting

in the course and scope of her employment with, or alternatively, while she was on a mission on behalf of Defendant Olsson. Defendant Olsson owed said duty to supervise and train Defendant Clark and to ensure that the public would be safe while Defendant Clark operated vehicles on behalf of Defendant Olsson. Upon information and belief, Defendant Olsson breached said duties and negligently permitted and/or encouraged its driver to negligently operate their vehicle.

17. Specifically, Defendant Olsson was negligent in hiring and/or retaining an incompetent, unfit, or reckless driver whom Defendant Olsson knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, and/or reckless, thereby creating an unreasonable risk of harm to others, including Plaintiff.

18. In the alternative, Defendant Olsson failed to have proper policies and procedures in place for its drivers to follow and/or failed to provide Defendant Olsson with appropriate training for such basic maneuvers such as braking at a safe distance, maintaining an appropriate speed, and keeping an appropriate lookout for traffic ahead, among other safe driving practices.

19. Additionally, in the absence of Defendant Olsson's negligence, the incident would not have occurred. Defendant Olsson's breach of said duties was, singularly or in combination with others, the producing and/or proximate cause of the incident and Plaintiff's damages pled herein.

### VIII. PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT

20. Plaintiff further pleads that Defendant Olsson and/or Defendant EAN are liable for negligent entrustment of a motor vehicle to Defendant Clark that forms the basis of this suit. Defendant Olsson and/or Defendant EAN may be held liable for negligent entrustment because (1) Defendant Olsson and/or Defendant EAN were the owner or custodian of the truck operated by Defendant Clark; (2) Defendants entrusted the vehicle to Defendant Clark; (3) Defendants'

driver, Defendant Clark, was an incompetent and reckless driver; (4) Defendants knew or should have known Defendant Clark was an incompetent and reckless driver; (5) Defendants' driver was negligent on the occasion in question; and (6) the Defendants' negligence proximately caused Plaintiffs' damages.

### IX.  DAMAGES FOR PLAINTIFF RAVY AE SARIT

21.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff RAVY AE SARIT, was caused to suffer serious bodily injuries and damages. Plaintiff brings this action for the following damages:

    A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, Ravy Ae Sarit for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Galveston County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Loss of earnings in the past;

    F.    Loss of earning capacity which will, in all probability, be incurred in the future;

    G.    Mental anguish in the past; and

    H.    Mental anguish in the future.

### X.  PRESERVATION OF EVIDENCE

22.     Plaintiff hereby requests and demands, as previously, that Defendants preserve and maintain all evidence pertaining to any claim or defense relating to the incident made the basis of this lawsuit, or the damages resulting therefrom, including: photographs, videotapes, audiotapes,

recordings, medical records, bills, estimates, invoices, checks, measurements, equipment, inspections of the scene, complaints, maintenance records, repair estimates, records, and bills; correspondence, memoranda, files, facsimiles, emails, dispatcher transmission, GPS data, 911 communications, voice mail, text messages, any items which were from the vehicle after the incident, investigations, cellular telephone records, calendar entries, diary entries, log books, insurance policies, witness statements; and any electronic image, data, or information related to the referenced incident or the Plaintiff.

## XI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RAVY AE SARIT, respectfully prays that the Defendants, HANNAH LAKE CLARK, EAN HOLDINGS, LLC, and OLSSON, INC. be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**NGUYEN & ASSOCIATES LAW FIRM, PLLC**

By:  */s/ Harrison M. Nguyen*
Harrison M. Nguyen
State Bar No.: 24121749
SDTX: 3708297
10050 Northwest Freeway, Suite 200
Houston, Texas 77092
Tel. (713) 842-9442
Fax. (713) 842-9440
harrison@nalawtx.com
**ATTORNEY FOR PLAINTIFF
RAVY AE SARIT**